# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **EDMUNDO SANTIAGO MENDOZA,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**PAM BONDI, ATTORNEY GENERAL; MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND MARIA DE ANDA-YBARRA, U.S. ICE FIELD OFFICE DIRECTOR,**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-00940-LS** |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Edmundo Santiago Mendoza brings this petition for a writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement (“ICE”).[1] Because the Court determines that Petitioner has received a bond hearing under 8 U.S.C. § 1226(a), the Court will deny the petition.

8 U.S.C. § 1226(a) allows, but does not require, the Attorney General to release an alien on bond.[2] After an initial custody determination is made, an alien may appeal the custody determination to an immigration judge, who is authorized “to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released.”[3] A determination made by an immigration judge may be further appealed to the Board of Immigration Appeals.[4]

---

[1] ECF No. 2.
[2] 8 U.S.C. § 1226(a)(2)(A).
[3] 8 C.F.R. § 1236.1(d)(1).
[4] *Id.* § 1003.19(f).

In this case, the immigration judge denied bond on the basis that Petitioner was a danger to the community and a flight risk.[5] Under 8 U.S.C. § 1226(e), this Court does not have the authority to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." Additionally, the Court cannot review "any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General."[6] Therefore, the Court does not have the authority to review or set aside the decision to deny bond to Petitioner.

Because Petitioner Edmundo Santiago Mendoza is not entitled to release, his petition for a writ of habeas corpus [ECF No. 2] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 1, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[5] ECF No. 6-2 at 1.
[6] 8 U.S.C. § 1252(a)(2)(B)(ii).